## Lucy S. Eaton & als. versus Sewall Knapp.

Where a deed of a tract of land bounds it " partly on a stream, as the said lot was surveyed by L. L. Esq. reference being had to the plan," and the plan shows a straight line drawn along the stream pursuing its general course, but crossing the stream at a curvature, and taking in a piece of land on the other side within the curvature; and the lines named in the deed do not entirely surround the tract; but by substituting the straight line instead of the stream the tract is surrounded, the straight line must be regarded as the true boundary, and the land on the other side of the stream between the curvature and the straight line is embraced in the deed.

THIS was a writ of entry. Plea, general issue and betterments.

The demandants, to prove their title, introduced a deed dated Feb. 26, 1812, from the Commonwealth of Massachusetts to James Brackett, from whom the title passed to the demandants; also a plan made by Lothrop Lewis dated January, 1804, referred to in said deed. The deed describes the premises conveyed as bounded " partly on Eddington line, partly on Nichols stream, and partly on the 32 settlers' lots, including the gore between lots No. 2 and 3, and containing 1832 acres and a half, as the same was surveyed by Lothrop Lewis, Esq. in the year 1803, reference being had to the plan now on file in the land office of said Commonwealth." The description annexed to the plan corresponds to that in the deed, but the plan shows a straight line drawn along the stream according to its general course, but crossing the stream where there are curvatures and taking some portions of land on the other side between the curvatures and the said line.

The tenant claimed title under the State of Maine, by deed dated in 1832, which is not found amongst the papers in the case, but appears to have embraced a piece of land on the north side of the stream, between the straight line and one of the curvatures of the stream.

A default was entered by consent, to be taken off, and the case to stand for trial, if in the opinion of the Court the premises demanded are not embraced in the deed, Commonwealth to Brackett.   If the default is to stand, then some one is to be appointed by the Court to determine the question of betterments.

*J. Appleton,* for tenant.

*Hobbs,* for demandant.

TENNEY, J. — The parcel of land to which the demandants claim title in this action, is understood to be on the northerly side of Nichols stream, bounded on the southerly part by a small curvature in that stream and on the northerly side by a straight line following the general direction of the stream, above and below the curve, and cutting it at the eastern extremity of the parcel in dispute, and passing to the north-eastern corner of settlers' lot No. 2, and thence south-westerly a short distance to the stream.   The demandants hold under a deed from the Commonwealth of Massachusetts to James Brackett, Jr., dated February 6, 1812, and the tenant under a deed from the State of Maine, dated in 1832.   The deed to Brackett refers to the survey and the plan of Lothrop Lewis, made in 1804, and returned to the land office of Massachusetts, and the description accompanying the plan is identical with that in the deed to Brackett, and is as follows, " Bounded partly on Eddington line, partly on Nichols stream and partly on the thirty-two settlers' lots, including the gore between the lots numbered two and three, and containing one thousand, eight hundred and thirty-two acres and one-half, as delineated on this plan."   The straight line, which the demandants contend is the northern boundary of the tract surveyed, and the Nichols

stream, which the tenant regards as the northern line of the same tract, are both protracted upon the plan.

In the description, without the plan, three general boundaries only are expressed, and from these alone, it would be difficult if not impossible, to locate the land upon the earth, so that it would correspond with the plan, upon the construction contended for, by either party. The plan is referred to in the description and makes a necessary part of the description, and cannot be disregarded. It is insisted in behalf of the tenant that by the use of the word "partly" as applied to each of the three boundaries mentioned, it was designed, that each entire side of the tract, which is in its general form triangular, should be distinguished from the other two entire sides severally, and that one of these entire sides is Nichols stream. If the boundary so expressed, constitutes the entire line on every one of the three sides, intersecting at both ends, the other lines, the construction contended for is correct; for this qualifying term would not otherwise be appropriate. But if all or either of the three lines are imperfect, as described, having portions thereof only on the Eddington line, the settlers' lots, and Nichols stream, the construction of the tenant's counsel is not necessarily correct; for when the three lines are together taken as one whole line, it would be proper to say that part of the whole line was that of Eddington, part, that of the settlers' lots, and a part that of Nichols stream, leaving the plan to make up the description when these several lines failed to do it.

By the plan, the south-western side of the tract is bounded entirely on the line of the town of Eddington. The north-western boundary is not made up entirely by the lines of the settlers' lots, inasmuch as a gore separates the last mentioned line, which gore is included in the tract surveyed, but its extreme boundary is Penobscot River. The northern boundary is the one in dispute. Nichols stream does not meet the Eddington line at the south-eastern corner of the tract, as delineated on the plan, and the tract would not be perfectly surrounded on this construction, there being the intervention of Nichols *pond*, not mentioned in the description, or represented

by the plan as making any part of the boundary. The survey-or had a design in running the straight line ; by treating that as the northern boundary, every call in the description and the plan referred to is answered ; by substituting therefor the stream, the description is imperfect, the tract is not surrounded, and a line upon the plan, which with others free from dispute, fully encloses the tract must have been drawn for no purpose. This cannot be admitted. By adopting the straight line as the true boundary, the land in controversy will be embraced in the deed under which the demandants hold, and

*Judgment must be entered on the default.*